# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **US MAGNESIUM, LLC, a Delaware limited liability company,**<br><br>      **Plaintiff / Counterclaim Defendant,**<br><br>v.<br><br>**ATI TITANIUM LLC, a Delaware limited liability company,**<br><br>      **Defendant / Counterclaimant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:17-cv-00923-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff and Counterclaim Defendant US Magnesium's ("US Mag") motion to re-designate Attorneys Eyes Only documents as Confidential (the "Motion to Re-designate"),[2] and Defendant and Counterclaimant ATI Titanium LLC's ("ATI") Motion to Compel Production of Documents Concerning US Magnesium's Sales Prices and Customers (the "Motion to Compel").[3] The court ordered additional briefing on the Motion to Re-designate[4] and the Motion to Compel.[5] The court has carefully reviewed the

---

[1] *See* docket no. 63.

[2] *See* docket no. 62.

[3] *See* docket no. 75.

[4] *See* docket no. 67.

written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

This case is a commercial dispute arising out of a Supply and Operating Agreement (the "Agreement") for the sale of magnesium. US Mag's complaint alleges that ATI breached the Agreement by "wrongfully declaring an Economic Force Majeure" (the "EFM") and by failing to "negotiate[] revised pricing for the magnesium that would have averted the [EFM]."[6] US Mag seeks damages "exceeding the amount of $92,000,000.00."[7] ATI denies US Mag's allegations and counterclaimed, alleging that US Mag breached the Agreement by, among other things, refusing to negotiate the price of magnesium in good faith and refusing to sell ATI magnesium through 2017.[8]

## STANDARD OF REVIEW

The court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

---

[5] *See* docket no. 79.

[6] Complaint, docket no. 21-1 at ¶¶ 31, 34.

[7] *Id.* at ¶ 40.

[8] *See* Amended Counterclaim, docket no. 52-1 at ¶¶ 28, 76.

> access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery *need not be admissible in evidence to be discoverable*.

Fed. R. Civ. P. 26(b)(1) (emphasis added). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.'" *Groesbeck v. Bumbo Int'l*, No. 1:13-CV-00090, 2015 WL 365922, at *1 (D. Utah Jan. 27, 2015) (quoting *Smith v. MCI Telecomm. Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991)). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## ANALYSIS

The court will first address the Motion to Re-designate, and then the Motion to Compel

### I. **Motion to Re-designate**

On March 2, 2018, Judge Benson entered a Stipulated Protective Order that, in addition to other terms, allowed the parties to designate materials produced in discovery as "Confidential Information – Attorneys Eyes Only" ("AEO").

Any material designated as AEO can only be disclosed to the receiving party's outside counsel, retained experts, two "litigation managers," and the court, and may not be disclosed to the receiving party itself or the directors, officers, and employees of the receiving party. The Stipulated Protective Order limits the use of AEO designation to the following:

> The designation CONFIDENTIAL – ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED

INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.[9]

US Mag alleges that ATI has designated the "majority" of documents as AEO, and argues that ATI's over-designation of pertinent materials as AEO "will prevent US Mag's principals from any meaningful participation in depositions, motion practice, discussion over strategy, and even trial."[10]

ATI defends its designations on the basis that both parties entered into a Stipulated Protective Order which allows for such designations and argues that granting the Motion to Re-designate would render the Stipulated Protective order meaningless.[11] ATI contends that the documents designated as AEO fall within the categories set out in the Stipulated Protective Order. Specifically, ATI argues the designated documents are highly confidential to them and would never be shared with US Mag or any other entity in the ordinary course of business.[12]

---

[9] Docket no. 51 at 2-3.

[10] Docket no. 68 at 1-2.

[11] *See* docket no. 70 at 2.

[12] *See id*.

Apart from describing the AEO documents into two categories – past financial information and third-party contracts[13] – neither party specifically identifies the documents at issue. However, although the Stipulated Protective Order permits the parties to designate documents as AEO, the court agrees with US Mag that ATI bears the burden to show that the designations are appropriate. There is no basis for shifting the burden of document-by-document review to the court or opposing counsel.

Accordingly, US Mag's Motion to Re-designate is granted in part and denied in part. The court declines to make a sweeping ruling re-designating all of ATI's AEO-designated production as Confidential. However, the court grants US Mag the following relief: Within thirty (30) days of the date of this order, ATI shall produce re-designated or de-designated versions of documents previously designated as AEO. At that time, ATI shall also produce a log listing any documents previously designated as AEO that ATI has not re-designated. The log shall be in the form of a privilege log and shall describe each document individually and the specific basis for asserting AEO status.

The description must be sufficient for US Mag's counsel and the court to immediately assess what information gives rise to an assertion of the AEO designation. After ATI produces the AEO log, US Mag may review the log and documents. If US Mag continues to believe in good faith that ATI is significantly over-designating documents as AEO, US Mag may bring a new motion. In conjunction with that motion, US Mag must submit for *in camera* review a sample set of documents that it believes are improperly designated as AEO. At that time, the court will issue an order requiring submission of a randomized sample of AEO-designated documents by

---

[13] *See* docket no. 68 at 2.

ATI for *in camera* review. If the court determines based on the samples that ATI is unreasonably overusing the AEO designation, the court will impose appropriate sanctions, which may include, among others: (1) stripping the AEO designation from all of ATI's documents; (2) monetary sanctions against ATI and/or its counsel; and/or (3) stripping Confidential designations from all of ATI's documents.

## II. Motion to Compel

ATI filed the Motion to Compel seeking an order compelling US Mag to requests for production nos. 3, and 9 through 13 (the "RFPs"). The RFPs request the following information:

> **REQUEST NO. 3.** Produce all documents that discuss, reflect, contemplate, or concern efforts you have taken, resources (financial or otherwise) you have devoted or otherwise expended, and marketing attempts in which you have engaged, or considered, to sell or otherwise market magnesium to customers other than ATI since August 23, 2016.
>
> **REQUEST NO. 9.** Produce all documents that identify your magnesium customers or prospective magnesium customers since January 1, 2009.
>
> **REQUEST NO. 10.** Produce all documents or lists that identify or reflect magnesium sales and offerings since January 1, 2009.
>
> **REQUEST NO. 11.** Produce all documents that identify or reflect the amounts of magnesium sold or offered, and the prices at which magnesium was sold or offered, since January 1, 2015.
>
> **REQUEST NO. 12.** Produce a list or other compilation of your magnesium customers from January 1, 2010 to the present.
>
> **REQUEST NO. 13.** Produce list or other compilation of your magnesium prices from January 1, 2010 to the present.[14]

US Mag objected to all of the RFPs as "irrelevant and immaterial to the issues at suit,"[15] and has refused to produce any documents in response to these RFPs.

---

[14] Docket no. 80-9 at 14, 16–17.

[15] *Id.*

ATI argues that the information sought in the RFPs is "directly relevant to . . . whether [US Mag] has breached the covenant of good faith and fair dealing as ATI alleges in its counterclaim" and "to [US Mag's] $92 million damage claim."[16] ATI also asserts that the information sought is relevant to "what efforts, if any, US Mag has made to mitigate its losses by marketing and selling magnesium to other customers."[17]

US Mag, for its part, relies heavily on its own interpretation of the Agreement and its characterization of the parties' relationship to support its claims that the information sought by the RFPs is irrelevant. According to US Mag, "ATI's main argument as to the relevance of US Mag's other-customer information is that such information might allegedly shed light on US Mag's alleged 'refusal' to renegotiate pricing with ATI in the summer of 2016."[18] US Mag argues that "ATI's argument is without merit as a matter of law, because the parties' Agreement provided for negotiations only under a protected scenario in which US Mag knew the price point against which it would be negotiating, and it is undisputed that US Mag never gave that price point."[19] And, in response to ATI's assertion that the information sought by the RFPs will assist ATI in evaluating "[w]hetehr US Mag negotiated the price of its magnesium in good faith – as required by the Agreement *and alleged in Paragraph 34 of the Complaint*" US Mag argues that

---

[16] Docket no. 80 at 1.

[17] *Id.* at 2.

[18] Docket no. 84 at 7.

[19] *Id.*

7

"ATI cannot rest an argument of 'relevance' on an argument wholly unsupported by, and contradictory to, the language of the parties' Agreement."[20]

Moreover, based on its characterization of the parties' relationship as a "recycling" relationship, US Mag disputes ATI's need to evaluate US Mag's efforts to mitigate damages by selling magnesium to other customers,[21] its $92 million damages claim,[22] whether US Mag had the ability to lower its price and the capacity to fulfill ATI's 2017 forecast.[23] However, ATI disputes US Mag's characterization of the nature of the parties' relationship.[24]

The court finds US Mag's arguments unpersuasive as they "focus on the merits of [US Mag's] theory of the case" which is "not pertinent at this stage of the case." *Int'l Coal Grp., Inc. v. Tetra Fin. Grp., LLC*, No. 2:09-CV-115-CW-PMW, 2010 WL 378511, at *1 (D. Utah Feb. 2, 2010). The interpretation of the Agreement is the central dispute in this lawsuit. The court will not resolve that dispute at this stage of the litigation. Nor will this court resolve the parties' dispute regarding the nature of their relationship. "Those issues . . . are not controlling in resolving a discovery dispute. Rather, the court is concerned only with the broad standard of relevance under rule 26(b)(1)." *Id.*

---

[20] *Id.* at 8 (emphasis added).

[21] *See id.* at 9.

[22] *See id.*

[23] *See id.* at 9–10.

[24] *See* docket no. 90 at 2 ("US Mag's relationship with ATI was never a 'symbiotic' partnership as US Mag claims, nor was it a 'victim' as it will try to tell the jury.")

With that standard in mind, this court is persuaded that the customer and sales price information regarding sought by the RFPs is relevant for purposes of rule 26(b)(1).

**CONCLUSION**

For the foregoing reasons, the Motion to Re-designate[25] is hereby **GRANTED IN PART AND DENIED IN PART** as set forth above, and the Motion to Compel[26] is hereby **GRANTED.** US Mag shall provide full responses to RFP Nos. 3 and 9–13 within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

**DATED** this 3rd day of August, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[25] *See* docket no. 62.

[26] *See* docket no. 75.