# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| US MAGNESIUM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ATI TITANIUM, LLC, a Delaware limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00923-DB-PMW<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is ATI Titanium, LLC's ("ATI") Short Form Discovery Motion to Compel Response to Interrogatory No. 15 (the "Motion").[2] ATI filed the Motion on September 19, 2018. As of the date of this order, Plaintiff US Magnesium, LLC ("US Mag") has not filed a response to the Motion. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (the "Local Rules"), the court has concluded that oral argument is not necessary and will decide the Motion on the basis of the written memorandum. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 63.

[2] *See* docket no. 94.

## DISCUSSION

Pursuant to civil rule 7-1(d) of the Local Rules, "[f]ailure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." DUCivR 7-1(d). Accordingly, US Mag's failure to respond to the Motion is a sufficient basis to grant the Motion.

In addition, the court is persuaded that the Motion should be granted on the merits. US Mag alleges that ATI breached the parties' agreement. Interrogatory No. 15 asks US Mag to "identify by specific reference and citation to the contractual provision or provisions allegedly breached or anticipatorily breached" by ATI.[3] ATI is entitled to a response to this interrogatory. US Mag's reference to its memorandum in opposition to ATI's motion for partial summary judgment "for an exposition of the provisions of the parties' Agreement breached by ATI, and facts pertinent thereto"[4] is insufficient. *See Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991) (finding that "[i]ncorporation by reference to a deposition is not a responsive answer" to an interrogatory); *U.S. ex rel. Smith v. Boeing Co.*, 2008 WL 2475750, at *3 (D. Kan. June 17, 2008) (holding that "listing of examples" and "general reference to the[] second amended complaint" was unresponsive to interrogatory requesting specific contractual provisions violated).

## CONCLUSION

For the reasons set forth above, the Motion is hereby GRANTED. Within fourteen (14) days of the date of this order, US Mag shall provide a complete response to Interrogatory No.

---

[3] *See* docket no. 94-1 at 3.
[4] *Id.* at 4.

15's request to "identify by specific reference and citation to the contractual provision or provisions allegedly breached or anticipatorily breached" by ATI.

    IT IS SO ORDERED.

    DATED this 19th day of October, 2018.

                              BY THE COURT:

                              PAUL M. WARNER
                              Chief United States Magistrate Judge