# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| US MAGNESIUM, LLC, a Delaware limited liability company,<br><br>      Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>ATI TITANIUM LLC, a Delaware limited liability company,<br><br>      Defendant / Counterclaimant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00923-DB-PMW<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff and Counterclaim Defendant US Magnesium's ("US Mag") motion to compel (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 63.

[2] *See* docket no. 114.

## BACKGROUND

This case is a commercial dispute arising out of a Supply and Operating Agreement (the "Agreement") for the sale of magnesium. US Mag's complaint alleges that Defendant and Counterclamant ATI Titanium, LLC ("ATI") breached the Agreement by "wrongfully declaring an Economic Force Majeure" (the "EFM") and by failing to "negotiate[] revised pricing for the magnesium that would have averted the [EFM]."[3] US Mag seeks damages "exceeding the amount of $92,000,000.00."[4] ATI denies US Mag's allegations and counterclaimed, alleging that US Mag breached the Agreement by, among other things, refusing to negotiate the price of magnesium in good faith and refusing to sell ATI magnesium through 2017.[5]

On March 2, 2018, District Judge Benson entered a Stipulated Protective Order that, in addition to other terms, allowed the parties to designate materials produced in discovery as "Confidential Information – Attorneys Eyes Only" ("AEO").[6] AEO-designated production may be accessed only by certain people identified in the Stipulated Protective Order as "Qualified Recipients."[7] Qualified Recipients include "litigation managers," defined as "individuals who are licensed attorneys, within the legal department of a party named in the original Complaint in this action, and whose responsibilities specifically include overseeing this litigation."[8]

---

[3] Complaint, docket no. 21-1 at ¶¶ 31, 34.

[4] *Id.* at ¶ 40.

[5] *See* Amended Counterclaim, docket no. 52-1 at ¶¶ 28, 76.

[6] *See* docket no. 50 at 3.

[7] *See* docket no. 51 at 8.

[8] *Id.* at 4.

On April 16, 2018, US Mag first moved the court for an order re-designating all of ATI's AEO-designated production as Confidential.[9] In an order granting in part and denying in part that motion (the "August Order"), the court ordered ATI to "produce re-designated or de-designated versions of documents previously designated as AEO."[10] The August Order also directed ATI to "produce a log listing any documents previously designated as AEO that ATI has not re-designated."[11] The log was to be "in the form of a privilege log" and was to "describe each document individually and the specific basis for asserting AEO status."[12] The August Order permitted US Mag to file a new motion if, after review of ATI's log and documents, US Mag "continue[d] to believe in good faith that ATI [was] significantly over-designating documents as AEO."[13]

On October 19, 2018, US Mag filed the instant motion, alleging that ATI was still over-designating documents as AEO and renewing its request that the court enter an order re-designating all of ATI's AEO designations as Confidential.[14] In support of the Motion, US Mag included samples of ATI's production that retained the AEO designation. ATI opposed the Motion.[15] Once the Motion was fully briefed, and accordance with the August Order, the court

---

[9] *See* docket no. 62.

[10] Docket no. 92 at 5.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *See* docket no. 114.

[15] *See* docket no. 121.

3

ordered ATI to submit to the court for *in camera* review a randomized sample of its AEO designated documents to aid the court in determining whether ATI was unreasonably overusing the AEO designation.[16] ATI complied with the order, and the court has reviewed the sample set of documents provided by ATI.

## STANDARD OF REVIEW

The court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery *need not be admissible in evidence to be discoverable*.

Fed. R. Civ. P. 26(b)(1) (emphasis added). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.'" *Groesbeck v. Bumbo Int'l*, No. 1:13-CV-00090, 2015 WL 365922, at *1 (D. Utah Jan. 27, 2015) *(quoting Smith v. MCI Telecomm. Corp.,* 137 F.R.D. 25, 27 (D. Kan.1991)). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

---

[16] *See* docket no. 137.

4

**DISCUSSION**

US Mag argues that the court should strip ATI's documents of their AEO designation and re-designate them as Confidential. US Mag asserts that the documents which retain the AEO designation are highly relevant to the litigation[17] and "require technical expertise that US Mag's counsel does not possess."[18] Accordingly, they argue that unless US Mag's CEO and CFO are permitted to access the documents under the Confidential designation, its prosecution of the case would be "greatly impaired."[19]

For its part, ATI argues that it has complied with the August Order, acting in good faith in making its designations.[20] ATI states that "it has marked only 1874 of the 44,180 records produced in this case as AEO, which represents approximately 4% of ATI's voluminous document production."[21] ATI argues that the documents which retain the AEO designation are proper under the categories defined by the Stipulated Protective Order. Moreover, ATI argues that if it de-designates these the documents it risks "a collateral lawsuit" and "jeopardizing long-standing business relationships."[22] ATI also identifies as possible harm the possibility that US Mag could use financial data to undercut ATI's ability to negotiate in the future and would

---

[17] *See* docket no. 114 at 5, 8, 10.

[18] *Id.* at 6.

[19] *Id.* at 10.

[20] *See* docket no. 121 at 7.

[21] *Id.*

[22] *Id.* at 9.

expose ATI to financial attack.[23] The court notes that ATI primarily seeks to prevent US Mag's principals from accessing the AEO-designated documents. ATI has offered to permit "any two of its other 440 employees to serve as litigation managers,"[24] expanding the definition set forth in the Stipulated Protective Order beyond licensed attorneys and paralegals. US Mag has apparently refused this offer.

Pursuant to the Stipulated Protective Order, "[a]ny receiving party may challenge a producing party's designation at any time."[25] If the producing party "persists in the designation . . . any receiving party may then move the court for an order to remove the designation. The burden of proving the designation is proper shall be on the producing party."[26]

"A party seeking that its information only be revealed in a certain way, such as limiting who can view or access the materials, . . . 'must first establish that the information sought is a trade secret [or other confidential research, development, or commercial information].'" *Coll v. Stryker Corp.*, 2017 WL 3190658, at *2 (D.N.M. May 24, 2017) (quoting *In re Cooper Tire & Rubber, Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009)) (alteration in original). "Further, that party must additionally 'demonstrate that its disclosure might be harmful.'" *Id.* (quoting *In re Cooper Tire*, 568 F.3d at 1190).

---

[23] *See id.* at 11–12.

[24] *Id.* at 9 n.8.

[25] Docket no. 51 at 13.

[26] *Id.* at 13-14.

The parties do not appear to dispute that the documents at issue are confidential commercial information. Instead, the question before the court is whether ATI has demonstrated the requisite harm that may result from disclosing the documents to US Mag's principals.

Having considered the parties' briefs and accompanying submissions, the court concludes that ATI's use of the AEO designation is reasonable. The court finds that ATI complied with the August Order and has met its burden under the above standard to show that disclosure of its AEO-designated production to US Mag's principals might be harmful. Accordingly, the Motion[27] is hereby **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 29th day of January, 2019.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[27] *See* docket no. 114.