IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| US MAGNESIUM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ATI TITANIUM LLC, a Delaware limited liability company; ALLEGHENY TECHNOLOGIES INCORPORATED, a Delaware corporation; and DOES 1-20,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00923-HCN-PMW<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Paul M. Warner |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant ATI Titanium LLC's ("Defendant" or "ATI") motion for leave to amend pleadings.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* ECF nos. 63, 190.

[2] *See* ECF no. 241.

## BACKGROUND

On October 22, 2019, Plaintiff US Magnesium, LLC ("Plaintiff" or "US Mag") filed its second amended complaint with the opposing party's written consent.[3] Nine days later, on October 31, 2019, Defendants filed an answer to Plaintiff's second amended complaint that amended counterclaims and asserted a third-party complaint against The Renco Group ("Renco").[4] Concurrently with their answer, ATI filed the instant motion for leave to amend pleadings.[5] In its motion, ATI asserts that it may file the amended counterclaims and third-party complaint as of right in response to Plaintiff's second amended complaint. Alternatively, ATI seeks leave of court to file said counterclaims and third-party complaint against Renco.

Plaintiff's second amended complaint makes minor factual modifications to conform its pleadings to facts learned in discovery. Specifically, US Mag amended paragraphs 37 and 110 to correct the start date for the contract, added into paragraph 57 the allegation that ATI had no bank accounts, and modified its prayer for damages.[6] In comparison, "ATI seeks to amend its counterclaim to assert . . . additional facts [learned during discovery] and to bring a third-party complaint against Renco under an alter ego theory."[7] The new information that ATI relies on to support its alter ego claim against Renco was produced by US Mag in mid-2018.[8]

---

[3] *See* ECF no. 233.

[4] ECF no. 238.

[5] *See* ECF no. 241.

[6] *See* ECF no. 256 at ¶ 7.

[7] ECF no. 243 at 5.

[8] *See* ECF no. 253.

This is the second time in this case that ATI has brought a third-party complaint against Renco. On September 25, 2018, ATI filed a second amended counterclaim and third-party complaint against Renco asserting claims for intentional interference with contract and economic relations.[9] On October 9, 2018, Plaintiff moved to dismiss the claims against Renco[10] which the court granted on April 19, 2019—terminating Renco as a party to this case.[11]

## DISCUSSION

### I. Amend as a matter of right

The court must first determine whether a defendant served with an amended complaint may file amended counterclaims and a third-party complaint as of right or only with leave of court. "Federal Courts have taken a wide range of positions in deciding whether a defendant must seek leave of court to add counterclaims when responding to an amended complaint." *Hydro Eng'g, Inc. v. Petter Investments, Inc.*, No. 2:11-cv-00139-RJS, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013). The court finds persuasive the reasoning of courts applying the moderate approach. *See id*.

> "[W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the plaintiff." . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.

---

[9] *See* ECF no. 100.

[10] *See* ECF no. 108.

[11] *See* ECF no. 177.

3

*Tralon Corp. v. Cedarapids, Inc.,* 966 F. Supp. 812, 832 (N.D. Iowa 1997) (quoting *Brown v. E.F. Hutton & Co., Inc*., 610 F. Supp. 76, 78 (S.D. Fla. 1985)).

Aside from minor factual changes to some of its claims, the overall substance of Plaintiff's second amended complaint remains the same. Because Plaintiff did not expand the scope or theory of the case, ATI must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert new counterclaims and file a third-party complaint.

## II.     Leave to amend

Rule 15 provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter,* 451 F.3d at 1204 (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

On balance, the factors of undue delay and undue prejudice to the opposing party weigh against amendment. Although ATI's amendment is timely under the operative scheduling order, ATI waited too long to assert an entirely new legal theory of alter ego and to bring a third-party complaint. The Tenth Circuit has held that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original

4

complaint, the motion to amend is subject to denial." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

Here, ATI knew or should have known the facts underlying the alter ego claim when ATI filed their second amended counterclaim and third-party complaint against Renco or shortly thereafter upon receiving responses to its discovery requests in 2018—a fact that ATI does not deny. Instead, ATI proposes an entirely new legal theory on the last day to amend pleadings and three years into the case only after its primary theory has been dismissed. ATI argues that, given the procedural history of the case, it was unable to assert its new claims until recently. The court finds this argument unpersuasive and lacks a showing of good cause to excuse ATI's substantial delay.

Most importantly, allowing ATI to amend and bring a third-party complaint under an entirely new legal theory at this point in the case would cause Plaintiff undue prejudice. A need to reopen discovery, a delay in proceedings, or the addition of complaints or parties are indicators of prejudice. Adding a new party under a new legal claim, certainly requires reopening discovery, arguably in its entirety. Moreover, based on the lengthy history of this case, it is reasonable to anticipate that allowing ATI leave to amend will result in supplemental discovery, additional discovery disputes, and a new round of dispositive motions, all of which will result in a significant delay in resolving this matter. Conversely, any prejudice suffered by ATI from denying leave amend is minimal as ATI may still file a complaint against Renco and pursue its new legal theory independently from this action.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion for leave to amend pleadings[12] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 22nd day of May, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[12] *See* ECF no. 241.