IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| US MAGNESIUM,<br><br>Plaintiff,<br><br>v.<br><br>ATI TITANIUM, *et al.*,<br><br>Defendants. | **TRIAL ORDER**<br><br>Case No. 2:17-cv-923<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The final pretrial conference in this matter will be held on **Monday, October 3, 2022, at 1:30 P.M. in Room 7.300** of the Federal Courthouse located at **351 S. West Temple, SLC, UT 84101**. Counsel who will try the case shall attend. If the court deems it necessary, it may hear argument on motions *in limine* and other disputed matters at the final pretrial conference.

A **16-day** jury trial, including jury selection, will begin on **Tuesday, October 11, 2022, at 10:00 A.M. in Room 7.300** of the Federal Courthouse located at **351 S. West Temple, SLC, UT 84101**. Counsel shall **appear in court at 9:30 A.M.** on the first day of trial. In order to facilitate the conduct of the trial in this case, counsel shall proceed as follows:

A. **Court-Imposed Deadlines**

The deadlines in this Trial Order are court-imposed deadlines that cannot be modified or waived by stipulation of the parties. To modify any deadline, a party shall file an appropriate motion with the court and receive an order from the court modifying the deadline. Such a motion may be joined by any other party.

B. **Motions *in Limine***

1. Except for good cause shown, all motions *in limine*, including *Daubert* motions, shall be filed with the court no later than **Monday, August 29, 2022.** A separate motion shall be filed for each preliminary ruling sought. Each motion shall specifically identify the relief sought, shall contain a concise memorandum of law in the same document, and shall be accompanied by a proposed order.

2. A copy of the proposed order should be emailed to utdecf_nielson@utd.uscourts.gov in Word format. The case name and number should be included in the email subject line. Any party who cannot comply with this requirement shall contact the judge's chambers to make alternative arrangements.

3. Memoranda in opposition to any motions *in limine* shall be filed no later than **Monday, September 12, 2022.**

4. Reply memoranda, if any, shall be filed no later than **Monday, September 19, 2022.**

C. *Voir Dire* **Questionnaire**

The court will provide prospective jurors with an electronic questionnaire to facilitate jury selection. The court will provide counsel with a draft questionnaire and instructions for proposing additions or modifications. Counsel shall promptly comply with these instructions. If necessary, the court will schedule a status conference to address disputes or concerns before finalizing the questionnaire. The court anticipates that counsel will receive a copy of the prospective jurors' answers in advance of *voir dire*.

D. **Proposed Jury Instructions and Verdict Form**

1. **Jury Instructions**

   a. The parties shall serve upon the opposing party or parties proposed preliminary and final jury instructions no later than **Monday, August 15, 2022.** These shall not be filed with the court. The parties shall then confer in order to agree on a set of jury instructions to the maximum extent possible. The parties shall jointly file proposed jury instructions no later than **Monday, August 29, 2022**. Instructions on which both parties agree shall be shown in **ordinary font**. Instructions proposed by the Plaintiff to which the Defendant has not agreed, if any, shall be shown in **italicized font**. Instructions proposed by the Defendant to which the Plaintiff has not agreed, if any, shall be shown in **bold font**.

      i. Each proposed instruction shall include citation to the authority that forms the basis for the instruction.

      ii. All jury instructions shall be concise, understandable, and neutral statements of the law. Argumentative instructions are improper.

      **iii.**    Modified versions of statutory or other form jury instructions may be acceptable. A modified jury instruction shall, however, identify the exact nature of the modification made to the form instruction and cite authority, if any, supporting such modification.

**b.**    In addition to electronically filing the jury instructions, the parties shall email a copy of the instructions, without citation to authority, to utdecf_nielson@utd.uscourts.gov in Word format. The case name and number should be included in the email subject line. If the parties cannot comply with this requirement, they must contact the judge's chambers to make alternative arrangements.

**c.**    Any objections to instructions proposed by the opposing party or parties shall be filed no later than **Monday, August 29, 2022.** All such objections shall recite the disputed proposed instruction in its entirety and specifically highlight the language to which the party or parties object in the proposed instruction. The objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority, if any. Unless the party or parties' position is that no instruction should be given relating to the subject or principle of law addressed by the language to which it objects, the objecting party or parties should submit an alternative instruction addressing that subject or principle of law as part of the jointly filed jury instructions.

**d.**    No later than **Monday, September 12, 2022**, each party may file a concise response to an opposing party's objections, if any.

**e.**    After reviewing the proposed instructions and any objections, the court will provide the parties with the jury instructions that it intends to use. Close to the end of trial, the court will hold a jury instruction conference on the record to make any necessary changes to the jury instructions. The parties' previously filed objections are objections of record and need not be repeated at the jury instruction conference. After the jury instruction conference, the court will provide the parties with a set of the final jury instructions.

    **2.**     **Verdict Form**

        **a.**     The parties shall serve upon the opposing party or parties a proposed verdict form no later than **Monday, August 15, 2022.** These shall not be filed with the court. The parties shall then confer in order to agree on a proposed verdict form to the maximum extent possible. The parties shall jointly file a proposed verdict form no later than **Monday, August 29, 2022**. Portions of the form on which both parties agree shall be shown in **ordinary font**. Portions of the form proposed by the Plaintiff to which the Defendant has not agreed, if any, shall be shown in **italicized font**. Portions of the form proposed by the Defendant to which the Plaintiff has not agreed, if any, shall be shown in **bold font**.

        **b.**     In addition to filing the proposed verdict form electronically, the parties shall email a copy of the proposed verdict form to utdecf_nielson@utd.uscourts.gov in Word format. The case name and number should be included in the email subject line. If the parties cannot comply with this requirement, they must contact the judge's chambers to make alternative arrangements.

        **c.**     Any objections to any portion of the form proposed by the opposing party or parties shall be filed no later than **Monday, August 29, 2022.** Objections may be accompanied by citations to authority and a concise argument.

        **d.**     No later than **Monday, September 12, 2022**, each party may file a concise response to an opposing party's objections, if any.

        **e.**     After reviewing the parties' proposed verdict form and any objections, the court will provide the parties with the verdict form that it intends to use. The court will review the verdict form at the jury instruction conference close to the end of trial to make any necessary changes. The parties' previously filed objections are objections of record and need not be repeated at the jury instruction conference. After the jury instruction conference, the court will provide the parties with the final verdict form.

**E.**     **Final Pretrial Disclosures**

    **1.**     The parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A) no later than **Monday, August 15, 2022**. Counsel will be required to report to the court at the final pretrial conference whether this requirement has been completed.

    2.      The parties shall raise any of the objections enumerated in Federal Rule of Civil Procedure 26(a)(3)(B) no later than **Monday, August 29, 2022**. A party objecting to a deposition designation shall file with the objection a transcript of the challenged portions of the deposition. A party objecting to an exhibit shall file with the objection a copy of the challenged exhibit, or, in the case of objects or other physical evidence, a photo of the challenged exhibit.

    3.      Each party may file a response to any objections raised by the opposing party no later than **Monday, September 12, 2022**.

**F.    Trial Exhibits**

    1.      The parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes. Plaintiff shall mark exhibits by number starting at "1." Defendant shall mark exhibits by letter unless Defendant anticipates using more than twenty (20) exhibits, in which case counsel shall agree on number ranges to accommodate numbering all exhibits. The parties should use reasonable effort to avoid duplication of any exhibit pre-marked by the opposing party. Pages of documentary exhibits shall retain bates stamps used when the documents were produced in discovery.

    2.      No later than **Thursday, October 6, 2022**, each party shall submit to the court a proposed exhibit list, one paper copy of all marked exhibits that the party seeks to introduce at trial, and four electronic copies of these marked exhibits.

    3.      The paper copy of each exhibit comprising multiple pages should be stapled together. The electronic copy of all marked exhibits may be submitted on a CD, DVD, or flash drive in PDF format. Optical Character Recognition (OCR) shall be run on the PDF files to enable text searching of the exhibits.

    4.      The proposed exhibit lists shall be filed electronically. Because exhibits do not become part of the record until admitted as evidence by the court, the exhibits themselves should not be filed on the court's docket and shall be delivered to the court. The parties may contact the clerk's office or the judge's chambers to make appropriate arrangements.

    5.      If a previously unmarked exhibit is admitted into evidence during trial, a copy of that exhibit shall be submitted electronically to the Courtroom Deputy.

    6.      At the conclusion of each day of trial, counsel for all parties shall meet with the Courtroom Deputy to confirm on the record that all exhibits admitted that day have been entered onto the court's official witness and exhibit list and are entered in the electronic evidence flash drive for the jury.

      7.      Immediately prior to jury deliberations, counsel shall review the compiled flash drive and certify on the record that the exhibits contained in the flash drive are correct and complete copies of the exhibits received in evidence. Failure to do so shall constitute a waiver.

### G. Witnesses

1. No later than **Thursday, October 6, 2022**, each party shall electronically file a proposed witness list.

2. Each day of trial, **no later than 6:30 P.M.**, counsel anticipating examination of witnesses the next day shall provide the names of witnesses anticipated to be examined to all counsel and by email to utdecf_nielson@utd.uscourts.gov. The case name and number should be included in the email subject line.

3. Each day of trial, **no later than 8:30 P.M.**, counsel shall provide a list of exhibits anticipated to be used with each witness to all counsel and the court by the same means. The case name and number should be included in the email subject line.

4. Any party who cannot comply with these email requirements shall contact the judge's chambers to make alternative arrangements.

### H. Courtroom Equipment

If counsel wish to use any courtroom equipment, they shall so state at the final pretrial conference. Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial.

### I. Realtime or Daily Transcript Requests

If counsel desire realtime or daily transcription of the trial, they shall make such a request to the court reporters at least two weeks before the trial.

### J. Closing Argument

Closing argument will follow the court's final instructions to the jury. Any closing rebuttal argument shall be limited to addressing new issues raised during a defendant's closing argument.

### K. Courtroom Conduct

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

1. Counsel shall be on time for each court session. In most cases, trial will be conducted from 10:00 A.M. until 4:30 P.M. with a 45-minute lunch break and a 20-minute break during the afternoon.

2. When possible, counsel shall raise issues requiring argument to the court during recesses rather than in sidebar conferences while the jury is seated. The court will attempt to hear motions or matters that need to be addressed outside the jury's hearing at 9:30 A.M. or after the jury has been excused at the end of a trial day. If counsel have matters to address before the jury is brought in, they shall if possible notify chambers the evening before by sending an email to utdecf_nielson@utd.uscourts.gov. If an issue is not known until the morning of a trial day, counsel shall inform the Courtroom Deputy by 9:00 A.M. that there is a matter to discuss outside the presence of the jury.

3. Counsel shall stand as court is opened, recessed, or adjourned; when the jury enters or retires from the courtroom; or when addressing, or being addressed by, the court.

4. Counsel shall address all remarks to the court, not to opposing counsel, and shall not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

5. Counsel shall begin the examination of witnesses without preliminaries. Counsel shall refer to all persons, including witnesses, other counsel, and parties, by their standard salutation (Mr., Ms., Mrs., Dr., Officer, Detective, etc.) and their surnames, not by their first or given names.

6. Counsel shall instruct witnesses of the need to make a clear record of the proceedings. The acoustics of the courtroom are not well suited to engaging the jury or ensuring an accurately transcribed record unless counsel and witnesses speak into the microphone.

7. Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

8. Counsel shall not refer to other witnesses' testimony when questioning a witness. For example, counsel should not ask "Witness A testified . . . would you agree?"

9. Counsel need not ask permission to approach a witness to briefly hand the witness a document or exhibit.

10. In making objections, counsel shall state only the legal ground for the objection, including the specific rule of evidence relied upon, and withhold further comment or argument unless requested by the court. For example, "Objection. Hearsay, Rule 802." Counsel shall respond to objections in a similarly concise fashion. For example, "Excited utterance, Rule 803.2."

11. While a witness, other than a party, is under examination, no attorney may contact that witness during breaks and discuss matters relating to the trial without leave of the court.

12. Offers of, or requests for, stipulations shall be made outside the hearing of the jury.

13. When not arguing, objecting, or taking testimony, counsel—and anyone else seated at counsel table—should remain seated at counsel table. If it becomes necessary for someone seated at counsel table to leave the courtroom, it is not necessary to ask the court's permission.

14. Counsel and other trial participants should not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered discreetly with as little distraction or disruption to the proceedings as possible.

15. The same attorney shall do initial and rebuttal closing arguments, and rebuttal closing argument shall not take more time than the initial closing argument.

16. In opening statements and arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter at issue. The following examples would be improper: "I believe the witness was telling the truth" or "I found the testimony credible."

**IT IS SO ORDERED.**

DATED this **30th** day of **June, 2022**.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge