IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| US MAGNESIUM, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>ATI TITANIUM, LLC, a Delaware limited liability company,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING US MAGNESIUM, LLC'S MOTION IN LIMINE NO. 1 TO REMOVE "ATTORNEYS EYES ONLY" DESIGNATIONS FOR TRIAL<br><br>Case No. 2:17-cv-00923-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is US Magnesium, LLC's ("US Mag") Motion in Limine No. 1 to Remove Stale "Attorneys Eyes Only" Designations for Trial, filed August 29th, 2022.[2] The court concludes that oral argument is unnecessary in the resolution of this matter. Accordingly, after carefully reviewing the Motion and associated briefing, the docket, and applicable law, the court DENIES Motion in Limine No. 1.

## BACKGROUND

The Protective Order in this case is modeled after the court's standing protective order, which expressly allows either side to designate certain information as "Attorneys Eyes Only"

---

[1] ECF No. 304.

[2] ECF No. 463.

("AEO").[3] The categories include: manufacturing information; sensitive business information; highly sensitive financial information; the identity of suppliers and customers; competitive technical or business information; and non-public financial analyses.[4] The Stipulated Protective Order contains one variation from the court's standing order that allows each side to designate up to two "Litigation Managers," who are defined as in-house attorneys or paralegals who are assigned to oversee the litigation and who will agree to be bound by the Stipulated Protective Order.[5] Under section 6(a)(6) of the Stipulated Protective Order, Litigation Managers are permitted to review AEO materials.[6] Defendant ATI Titanium, LLC ("ATI") also previously agreed to waive the "attorney" requirement for Litigation Managers to allow two of US Mag's executives to serve as Litigation Managers.[7]

On April 16, 2018, US Mag first moved the court for an order re-designating all of ATI's AEO-designated production as Confidential.[8] In an order granting in part and denying in part that motion, the court ordered ATI to "produce re-designated or de-designated versions of documents previously designated as AEO that ATI has not re-designated."[9] This order permitted US Mag to file a new motion if, after review of ATI's log and documents, US Mag "continue[d] to believe in good faith that ATI [was] significantly over-designating documents as AEO."[10]

---

[3] ECF No. 51 at § 2(b).

[4] *Id*.

[5] *Id*. at § 2(e).

[6] *Id*. at § 6(a)(6).

[7] ECF No. 121 at 9 n.8.

[8] ECF No. 62.

[9] *Id*.

[10] *Id*.

On October 19, 2018, US Mag filed another motion alleging that ATI was still over-designating documents as AEO and renewing its request that the court order re-designation all of ATI's AEO designations to Confidential.[11] Once the motion was fully briefed, the court ordered ATI to submit for *in camera* review a randomized sample of its AEO designated documents to aid the court in determining whether ATI was unreasonably overusing the AEO designation.[12] ATI complied with the order, and the court reviewed a sample set of documents produced by ATI. Magistrate Judge Paul M. Warner concluded the following:

> Having considered the parties' briefs and accompanying submissions, the court concludes that ATI's use of the AEO designation is reasonable. The court finds that ATI complied with the August Order and has met its burden under the above standard to show that disclosure of its AEO-designated production to US Mag's principals might be harmful.[13]

Consequently, Judge Warner denied US Mag's Motion.[14]

On August 29, 2022, US Mag filed the instant Motion in Limine, seeking a court order to remove the "Attorney's Eyes Only" designation on all documents to be used as trial exhibits.[15] In the Motion, US Mag contends that, as the parties prepare for trial, the AEO designations Judge Warner deemed appropriate in 2018 have become "stale" and should be removed. Further, US Mag argues that ATI "should be precluded from even making reference to the prior AEO designations" at trial.[16] Defendants responded on September 9, 2022.[17] The court now denies US Mag's motion.

---

[11] ECF No. 114.

[12] ECF No. 137.

[13] ECF No. 165 at 7.

[14] *Id*.

[15] ECF No. 463.

[16] *Id*. at 4.

## **LEGAL STANDARDS**

Under Fed. R. Civ. P. 26(c)(1)(G), a court may, for good cause, issue a protective order (or permit a party to avail itself of an already issued protective order) to require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[18] A party seeking to avail itself of this Rule "must first establish that the information sought is a trade secret [or other confidential research, development, or commercial information]."[19] Further, that party must additionally "demonstrate that its disclosure might be harmful."[20] To establish the requisite harm, the party seeking protection must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[21]

"The court must balance the need for trade secrets [or other commercial information] against the claim of injury resulting from disclosure."[22] It is within the sound discretion of the court to decide if the information sought is relevant and necessary, and whether the need outweighs the harm of disclosure.[23] Likewise, if the information is deemed relevant and

---

[17] ECF No. 541.

[18] *In re Cooper Tire & Rubber, Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).

[19] *Id.* at 1190; Fed. R. Civ. P. 26(c)(1)(G).

[20] *In re Cooper Tire*, 568 F.3d at 1190 (quoting Centurion, 665 F.2d at 325).

[21] *See, e.g., Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 245 (D. Kan. 2010) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)); *accord* JENNER & BLOCK, MOORE'S ANSWER GUIDE FEDERAL DISCOVERY PRACTICE § 16.29(b) (2017 ed.) (a showing of "specific prejudice or harm" is required to limit the disclosure of trade secrets).

[22] *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981).

[23] *Id.*

necessary, the appropriate safeguards that should attend their disclosure by means of the protective order are also a matter within the court's discretion.[24]

Although the present motion is a motion in limine, it is the functional equivalent of a motion to reconsider that asks this court to revisit Judge Warner's ruling regarding ATI's use of AEO designations. "Grounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[25]

## ANALYSIS

The court denies US Mag's Motion in Limine and upholds the AEO designation covering ATI's six third-party supplier agreements (Defense Trial Exhibits D33-38) for two reasons. First, Judge Warner ruled that the AEO designations for these documents was appropriate, and circumstances have not changed to reconsider that ruling. Second, the AEO designation will not prejudice US Mag because the Protective Order authorizes US Mag's Litigation Consultants to review any AEO information and participate fully in trial preparation. Additionally, as to US Mag's motion to exclude ATI from discussing the confidential nature of the six supplier agreements at trial, the court will not rule on it now because the court needs the context of trial to make the determination of whether that information is admissible. Each issue is discussed in order below.

### I. Judge Warner's Prior Decision Does Not Warrant Reconsideration.

The court will not reconsider Judge Warner's prior ruling. On August 3, 2018, Judge Warner issued a Memorandum Decision directing ATI to review its AEO designations and to

---

[24] *Id.*

[25] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

provide a log of materials that maintained AEO designations after being re-evaluated.[26] ATI complied with the court's order, acting in good faith in making its designations.[27] ATI stated that it marked "only 1874 of the 44,180 records produced in this case as AEO, which represents approximately 4% of ATI's voluminous document production."[28] Many of these documents included agreements and communications with ATI's third-party titanium sponge suppliers who had offered long-term purchase contracts to ATI that resulted in the company's declaration of the economic *force majure* at issue in this case. Both suppliers' agreements contained confidentiality provisions that prohibited the disclosure of their agreements or terms without their express consent.[29]

Additionally, both suppliers notified ATI and provided sealed declarations to this court stating that they did not consent to the disclosure of their identities or information to US Mag's top executives, and they expected ATI to honor the confidentiality provisions.[30] Consequently, ATI argued that if it de-designated these documents, it would risk "a collateral lawsuit" and "jeopardizing long-standing business relationships."[31] ATI argued that the documents which retained the AEO designation were proper under the categories defined by the Stipulated Protective Order.[32] Judge Warner thoroughly and thoughtfully conducted the *in camera* review

---

[26] ECF No. 92.
[27] ECF No. 121 at 7.
[28] *Id*.
[29] *Id* at 9.
[30] ECF No. 541-1 at ¶¶ 7-14; ECF No. 541-2 at ¶¶ 7-12.
[31] ECF No. 121 at 4.
[32] *Id*.

and ruled in favor of ATI's use of the AEO designation, finding that it was "reasonable" and disclosure "might be harmful."[33] US Mag's objection to this decision was overruled.[34]

Now, US Mag argues that ATI's disclosure of its AEO-designated production to US Mag's principals is no longer harmful due to the passage of time. However, the same risk of "collateral dispute" or "jeopardizing long-standing relationships" requires the ongoing protection of "the identity of suppliers."[35] ATI has reached out to these suppliers and neither will agree to disclosure of their identities, contracts, pricing, financial information, or production capabilities to US Mag's executives.[36] ATI also informed these suppliers of the instant motion, and the suppliers have renewed their objection to any disclosure.[37] Thus, the third-party supplier agreements continue to fall within the categories protected by the Protective Order. Further, this court has upheld AEO designations for materials like those ATI seeks to protect.[38] US Mag has not provided the court with—and the court is not aware of—any case in this circuit that demands removal of AEO designations simply because trial is impending.

Nevertheless, US Mag cites *MacDermid Printing Sols. LLC v. Cortron Corp.*,[39] because a court granted a motion to de-designate certain AEO documents identified for use as trial exhibits.

---

[33] ECF No. 165 at 7.

[34] ECF No. 178.

[35] ECF No. 51 at § 2(b).

[36] ECF No. 541-1 at ¶ 7; ECF No. 541-2 at ¶ 9.

[37] ECF Nos. 541-3, 541-4.

[38] *See, e.g.*, *Critical Nurse Staffing v. Four Corners Health Care*, No. 2:13-cv-646-TS, 2016 WL 2733124, at *4 (D. Utah 2016) (enforcing protective order and finding that internal financial spreadsheets may be designated AEO); *Memdata, LLC v. Intermountain Healthcare, Inc*, Case No. 2:08-cv-190-TS-PMW, 2009 WL 10689800, at *1-2 (D. Utah 2009) (allowing party to designate vendor agreements as AEO).

[39] No. 3:08-cv-01649 (DEW), 2013 WL 12290837 (D. Conn. Sept. 13, 2013)

There, the court determined that the plaintiff did not meet its burden of showing that good cause exists for retaining the AEO designation, in part because certain documents "were created four or five years ago. . . and . . . they are unlikely to reveal current confidential information or trade secrets."[40] The court stated that the plaintiff "has not contested their de-designation with the specificity to convince the court that it has carried its burden."[41]

Here, however, ATI has reemphasized why the harm of disclosure outweighs US Mag's need for the AEO designations to be lifted. Judge Warner already ruled that the AEO designations for ATI's supplier agreements was appropriate, and the court cannot agree with US Mag's position that the passage of time requires this court to reconsider. Indeed, neither the passage of time nor the imminence of trial constitutes new circumstances to reconsider Judge Warner's ruling that ATI's disclosure of its AEO-designated production to US Mag's principals might be harmful. US Mag has not shown an intervening change in controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice such that the removal of AEO designations would be necessary. Therefore, the court denies US Mag's motion as to redesignating the six supplier agreements as AEO.[42]

---

[40] *Id*. at *3.

[41] *Id*.

[42] Although neither party raised the issue of whether ATI had standing to assert AEO status for another entity's documents, the court independently considered the argument (as it must) and determines that ATI has standing to raise these issues because ATI's interests (i.e., its own contractual obligations to the confidential suppliers) provide a sufficient interest to raise the third parties' confidentiality claims. *See, e.g., Sec. & Exch. Comm'n v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014) ("Moreover, '[a]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty.' 'The exception to this rule is that "a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."'" (citations omitted)).

## II. US Mag is not Prejudiced by the AEO Designation on the Six Third-Party Supplier Documents.

Moreover, contrary to US Mag's argument, maintaining the AEO designation covering the six third-party supplier agreements will not prejudice US Mag. US Mag has designated two Litigation Managers—a finance executive and a sales executive—who are authorized to review any AEO information and participate fully in trial preparation. US Mag has not explained why any others on the management team would need to see this information to successfully present their case at trial. US Mag is also working with experts who have reviewed these materials and consulted with counsel in expert discovery, and their testimony is most significant to US Mag's presentation of its case. Additionally, the Protective Order provides for the use of confidential and AEO information at trial and allows the parties to limit dissemination of protected information at the time it is proffered.[43] On balance, US Mag has not demonstrated that the need for these materials to be viewed by other US Mag officers outweighs the potential harm to ATI if the AEO designations were removed.[44]

---

[43] ECF No. 51 at § 4(f).

[44] *See, e.g.*, *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 299 F.R.D. 498, 501 (W.D. Va. 2014) (finding it "unacceptable" for plaintiff's president and other decision-makers to see defendant's confidential information, notwithstanding the potential hardship of not being able to consult those employees); *Parker Compound Bows, Inc. v. Hunter's Mfg. Co.*, No. 5:14-cv-4, 2014 WL 12462305, at *3-4 (W.D. Va. Dec. 8, 2014) (denying decision-makers access to that material); *Philips Petroleum Co. v. Rexene Prods. Co.*, 158 F.R.D. 43, at *10 (D. Del. 1994) (denying CEO access to confidential data due to risk of disclosure of "business' current strategy, strength and weaknesses").

### III. The Court Reserves on the Issue of Whether ATI Can Refer to the AEO Designation for the Six Supplier Agreements.

US Mag also requests in its Motion that ATI "be precluded from even making reference to the prior AEO designations."[45] However, the court does not have the context necessary to decide that issue at this juncture. Under Fed. R. Evid. 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To determine whether a reference to the protected nature of the six supplier agreements at issue is irrelevant, relevant and probative, or relevant and unduly prejudicial (among other things), the court needs the context of the trial to make that determination. Thus, the court denies the motion without prejudice subject to renewal at trial.

### CONCLUSION AND ORDER

As demonstrated above, the AEO designation covering the six third-party supplier agreements designated as Defense Trial Exhibits D33-38 is reasonable. Therefore, IT IS HEREBY ORDERED that US Mag's Motion in Limine No. 1 to Remove Stale "Attorneys Eyes Only" Designations for Trial[46] is DENIED with the portion of the motion regarding disclosure of the AEO designation for the six supplier agreements DENIED WITHOUT PREJUDICE.[47]

IT IS SO ORDERED.

DATED this 16th day of September 2022.

---

[45] ECF No. 463 at 4.

[46] ECF No. 463.

[47] The parties have agreed to de-designate other documents other than the six supplier agreements. The court also orders de-designation according to the parties' representations in their respective memoranda in support of or in opposition to the motion at issue here.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge